## UNITED STATES

v.

**Airman First Class Thomas A. DEVITT, FR 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, United States Air Force.**

**ACM 23875.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 27 Jan. 1983.

Decided 5 Jan. 1984.

Appellate Counsel for the Accused: Colonel George R. Stevens, Colonel Leo L. Sergi and Major Richard A. Morgan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Brenda J. Hollis.

Before KASTL, CANELLOS and RAICHLE, Appellate Military Judges.

## DECISION

KASTL, Senior Judge:

In *United States v. Breese,* 11 M.J. 17, 23 (C.M.A.1981), the Court of Military Appeals declared that it would henceforth presume—subject to rebuttal—that "the activity of defense counsel exhibits a conflict of interest in any case of multiple representation wherein the military judge has not conducted a suitable inquiry into a possible conflict."

Applying the *Breese* rule to the case before us, we reverse.

## Facts

Airman First Class Thomas Devitt and his wife, Airman First Class Renee Devitt, were co-accused before a general court-martial. They were charged with distribution, possession and use of marijuana. The couple was represented by the same civilian and military defense counsel.

The defense moved to sever the trial on the basis that Renee Devitt was less culpable than Thomas; this motion was granted by the military judge. M.C.M., 1969 (Rev.), para. 69d. Thereafter, two separate trials were held.

In neither trial did the military judge inquire into any possible conflict by reason of the same defense team representing both the accused and his wife. No party raised this issue at any stage of either trial. Thomas Devitt was convicted, upon mixed pleas, of some of the offenses charged. He was sentenced to a bad conduct discharge, six months' confinement at hard labor, forfeiture of $250.00 per month for six months, and reduction to airman basic.*

## The Breese Requirement

Appellate defense counsel contend that the military judge erred by failing to inquire on the record into any possible conflict of interest between the two accused. *United States v. Breese, supra.*

We agree. We find the *Breese* rule to establish a *per se,* prophylactic requirement, premised on the Sixth Amendment, that the military judge make such an inquiry when the facts so warrant. Such questioning was mandated by the facts here, and the judge's failure to inquire required reversal.

The rationale behind the decision in *Breese,* we believe, was to avoid the necessity to inquire on review into either the degree of prejudice suffered by the accused or whether that quantum of prejudice warrants granting relief. *United States v. Breese, supra,* at 23. *See also United States v. Piggee,* 2 M.J. 462 (A.C.M.R.1975).

The *Breese* requirement affords greater protection for a military accused than would be true in a Federal court. Federal courts have consistently held that a violation of Sixth Amendment rights to effective assistance of counsel might arise when two or more defendants are represented by the same defense counsel. *Abraham v. United States,* 540 F.2d 236 (2d Cir.1977); *United States v. DeBerry,* 487 F.2d 448 (2d Cir.1973).

To safeguard against such a situation, trial judges have been exhorted to inquire into any possible conflict of interest. This premise was refined in *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) where the Supreme Court suggested that such an inquiry might well be required where the trial court knew or reasonably should have known of a conflict. *Cuyler v. Sullivan, supra,* at 347; *see also* n. 10, 100 S.Ct. at 1717; see also n. 10. This requirement is now enshrined in Fed.R.Crim.P. 44(c). See also ABA Standards Relating to the Function of the Trial Judge (Approved Draft, 1972) § 3.4(b) and Schwarzer, *Dealing with Incompetent Counsel—The Trial Judge's Role,* 93 Harv.L.Rev. 633, 653 (1980).

We are unable to find any Federal authority for the proposition that Sixth Amendment rights to effective representation are denied merely because of representation of two or more defendants by a single defense counsel. Indeed, several Federal cases hold that it is necessary for the accused to demonstrate some specific instance of prejudice or some real conflict of interest resulting from joint representation before it can be said that the accused has been denied effective assistance of counsel. *Cuyler v. Sullivan, supra; United States v. Carrigan,* 543 F.2d 1053 (2d Cir. 1976); *United States v. Mari,* 526 F.2d 117 (2d Cir.1975). The effect of the failure of the civilian trial court to conduct an inquiry when warranted is to shift the burden of proof to the government in determining whether the accused was prejudiced. *Colon*

---

* We take judicial notice that Renee Devitt was sentenced to three months' confinement at hard labor, forfeiture of $250.00 per month for three months, and reduction to airman basic.

*v. Fogg,* 603 F.2d 403 (2d Cir.1979); *United States v. Carrigan* and *United States v. DeBerry,* both *supra.*

 Contrariwise, the military rule imposed by *Breese* is greater in scope than the Federal civilian rule. We interpret *Breese* as making it mandatory for the military judge to inquire into possible conflict of interest in cases of multiple representation where the judge is aware of such representation. In the case at bar, the existence of the multiple representation was made clear to the military judge by defense counsel and by the posture of the case, and an appropriate inquiry was required.

We are compelled, with some reluctance, to declare that the *Breese* rule is not totally clear to us. The rule appears to be absolute. The Court of Military Appeals has declared that:

> from the date of this decision we shall presume—*albeit subject to rebuttal*—that the activity of defense counsel exhibits a conflict of interest in any case of multiple representation wherein the military judge has not conducted a suitable inquiry into a possible conflict . . . . we intend to disarm future contentions that, by reason of multiple representation, an accused has been deprived of the effective assistance of counsel (emphasis added).

*United States v. Breese, supra,* at 23.

A puzzle arises with the underscored words. How can the rule be a prophylactic one and still be "subject to rebuttal"? It would appear that Judge Cook, in his concurring and dissenting opinion in *Breese,* views the majority decision with the same concerns. He notes that the majority's rule is "unnecessarily broader" than Fed.R. Crim.P. 44(c), and that "the presumption, although ostensibly rebuttable, virtually guarantees reversal" because the Government is forced "to prove a negative". *United States v. Breese, supra,* at 24 and 26.

In this vein, appellate government counsel, in both their written brief and in able oral argument, urge that we can resolve the issue of possible prejudice by requiring trial defense counsel to respond to government interrogatories designed to establish what, if anything, was communicated between defense counsel and each accused about the possibility of such conflict of interest. Since we find that the *Breese* rule is a *per se* rule, not complied with in the case at bar, we decline to require answers to the interrogatories as suggested by appellate government counsel.

Our action moots the other assignments of error.

Accordingly, the findings and sentence herein are set aside. A rehearing may be ordered.

CANELLOS and RAICHLE, Judges, concur.