UNITED STATES

v.

**Airman First Class Thomas A. DEVITT, FR 455–31–1033, United States Air Force**

**and**

**Airman First Class Renee A. Devitt, FR 114–42–8753.**

**ACM 23875 (f rev), ACM 23876 (f rev).**

U.S. Air Force Court of Military Review.

Sentence Adjudged 27 Jan. 1983.

Decided 20 Aug. 1986.

Appellate Counsel for Thomas A. Devitt: Colonel Leo L. Sergi and Lieutenant Colonel Patrick C. Sweeney.

Appellate Counsel for Renee A. Devitt: Colonel Leo L. Sergi and Captain Timothy J. Malloy.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Donal F. Hartman, Jr.

Before HODGSON, FORAY and MICHALSKI, Appellate Military Judges.

## DECISION UPON FURTHER REVIEW

HODGSON, Chief Judge:

The appellate processing of these two trials has been protracted. Airman First Class Thomas A. and his wife, Airman First Class Renee A. Devitt were co-accused before a general court-martial on drug abuse allegations where they were represented by the same civilian and military defense counsel. Although jointly charged, the military judge granted a motion to sever the two cases.

In our initial review we concluded, citing *United States v. Breese*, 11 M.J. 17 (C.M.A. 1981), that, where the facts warrant, the trial judge must conduct an inquiry on the record into any possible conflict of interest an attorney might have representing two accused at the same trial. We considered the *Breese* rule a *"per se* prophylactic requirement"* and the judge's failure to conduct such an inquiry to require a rehearing. *United States v. Devitt*, 17 M.J. 905 (A.F. C.M.R.1984); *United States v. Devitt*, Unpub. ACM 23876 (A.F.C.M.R. 11 January 1984).

Our decision directing a rehearing in both trials was certified by The Judge Advocate General to the Court of Military Appeals which concluded we erred by failing to give effect to the language in *United States v. Breese, supra,* which states that presumption of a conflict of interest is rebuttable. *United States v. Devitt*, 20 M.J. 240 (C.M.A.1985). Accordingly, both records of trial were remanded to us for further review to determine whether, despite the rebuttable presumption to the contrary, the government is able to establish either: 1) That no actual conflict of

interest existed between the two appellees, or 2) That they knowingly and voluntarily waived their right to representation by conflict-free attorneys. *United States v. Devitt*, 20 M.J. at 245. To assist us in this task we ordered a limited rehearing pursuant to *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967). That has been accomplished and the trial judge who conducted the evidentiary hearing has provided us with comprehensive and detailed findings of fact.

Appellate government counsel concede that neither appellees expressly waived their right to a conflict-free attorney. We agree with this assessment. Therefore, to affirm each appellee's conviction the evidence must establish that no actual conflict of interest existed between them. Actual conflict exists whenever counsel introduces probative evidence or plausible argument that would benefit one accused and harm the other. Further, the record must show some actual impairment of the interest of one accused. Hypothetical or speculative damage will not suffice. *Oliver v. Wainwright*, 782 F.2d 1521 (11th Cir.1986). That the co-accused here are husband and wife tends to support the government's argument that there was no conflict of interest between them. *United States v. Johnson*, 569 F.2d 269, *cert. denied*, 437 U.S. 906, 98 S.Ct. 3096, 57 L.Ed.2d 1137 (1978).

Factually, neither the records of trial or the evidentiary hearing disclose an *actual conflict of interest* between the appellees. Basically, each Devitt was sentenced for those offenses to which each pleaded guilty—the contested specifications resulted in an acquittal. In this setting it is difficult to see on findings the probative evidence or plausible argument that gave one co-accused an advantage over the other.

Of course, sentencing is an area where an attorney representing co-accuseds might attempt to shift the blame to one in order to lessen the punishment of the other. But

factually, here again this does not appear to be so. Renee Devitt faced a maximum punishment of a dishonorable discharge, 10 years confinement at hard labor, total forfeitures and reduction to airman basic. She was sentenced to three months confinement at hard labor, partial forfeitures for the same period, and reduction to the lowest enlisted grade. Clearly, her interests were fully protected. Her husband, Thomas, faced 19 years confinement with the same ancillary punishments. His sentence extended to a bad conduct discharge, six months confinement at hard labor, partial forfeitures for a like-term, and reduction to airman basic. These sentences fully support the conclusion that the attorney they retained and the one who was appointed did not allow this dual representation to favor one accused over the other.

We find no factual basis to conclude that "an actual conflict of interest" existed either on the merits or during the sentencing phase of the trial of each Devitt. The evidentiary hearing portrayed the Devitts as individuals who were very involved in the proceedings and who took an active role in assisting counsel. Further, neither Devitt objected to the same attorney representing them and the attorneys themselves, civilian and military, saw no conflict of interest although each was aware of the problem and guarded against it.

Our decision today should not be viewed as relieving the trial judge of the obligation to follow the mandate of *United States v. Breese, supra* whenever an attorney represents two accused at the same trial. Any possibility of a conflict of interest should be aired and discussed on the record. *See United States v. Herod*, 21 M.J. 762 (A.F. C.M.R.1986). We are confident the trial bench will remain vigilant in this area. For the reasons stated the findings of guilty and the sentence, as to each appellant, are

AFFIRMED.

Senior Judge FORAY and Judge MICHALSKI concur.