UNITED STATES, Appellant,

v.

Renee A. **DEVITT**, Airman First Class, U.S. Air Force, Appellee, and Thomas A. Devitt, Airman First Class, U.S. Air Force, Appellee.

Nos. 48,949, 48,950.
ACM 23875, 23876.

U.S. Court of Military Appeals.

July 27, 1987.

For R. Devitt: *Captain Timothy J. Malloy* (argued).

For T. Devitt: *Lieutenant Colonel Patrick C. Sweeney* (argued); *Colonel Leo L. Sergi* (on brief).

For the United States: *Lieutenant Colonel Morris A. Tanner, Jr.* (argued); *Colonel Joe R. Lamport* (on brief).

PER CURIAM:

When these cases were here on a previous appeal, we held that the two accused—husband and wife—were not entitled to automatic reversal of their convictions because of dual representation by the same defense counsel. *United States v. Devitt*, 20 M.J. 240 (C.M.A. 1985). We also concluded that, instead, the Government deserved an opportunity to demonstrate that no actual conflict of interest existed or else that the coaccused had waived their right to separate legal representation. The Court of Military Review then ordered a *DuBay* * hearing before a military judge. After receiving testimony from the civilian and military counsel who had represented the Devitts at trial, the judge determined that the accused had not waived their right to separate representation and that the Government had failed to establish the absence of an actual conflict of interest. The Court of Military Review agreed with the military judge that no waiver of rights to separate counsel had taken place. However, in its view, the record demonstrated that no actual conflict existed and that the accused had not been prejudiced by the dual legal representation. 22 M.J. 940 (1986).

■ Upon considering the evidence and the judge's findings, we also are convinced that no actual conflict of interest existed during the trial. A concerted, logical strategy was followed by the two defense lawyers; and this strategy produced for each accused the best results reasonably attainable in light of the available evidence. Renee Devitt's pleas of guilty were supported by a providence inquiry; and in view of her testimony during that inquiry and the other circumstances, we cannot perceive how she could have achieved a more favorable outcome—unless she and her coaccused husband had collaborated in flagrant perjury. With minor exceptions, Thomas Devitt was found guilty according to his pleas; and, once again, we cannot fathom how his results could have been improved by following a different course. This was not a situation where either accused could feasibly have exonerated himself by seeking to blame the other. The only product of such tactics would have been to assure additional findings of guilty against one or both of the accused.

■ Insofar as their sentences are concerned, the records of the two trials and the testimony at the *DuBay* hearing suggest that Renee Devitt was favored in relation to her husband. As is apparent from the lenient sentence she received for her offenses, she has no cause for any complaint about her legal representation. As to Thomas Devitt, we have considered the possibility that he might have received a lighter sentence if he and his counsel had tried in some way to shift blame to his spouse. The defense lawyers rejected this alternative when the accused were tried; and it now is clear to us that these cases did not lend themselves to that approach. Pointing a finger of blame at Renee Devitt could have accomplished little for her husband—except to make him appear less chivalrous.

■ Since our review convinces us beyond a reasonable doubt that neither accused was harmed in any way by the joint representation and, indeed, that both may have benefited therefrom, we conclude that the Government has carried the burden to which it became subject because of the military judge's failure at trial to inquire about the dual representation. *See United States v. Breese*, 11 M.J. 17 (C.M.A. 1981).

The decision of the United States Air Force Court of Military Review (22 M.J. 940) is affirmed.

* *United States v. DuBay,* 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967).